## Young et al. v. Woodring et al.   No. 2.

*Practice, C. P.—Statement of claim—Affidavit of defence—Sufficiency—Practice Act, 1915.*

1. A disavowal of knowledge and a formal call for proof in an affidavit of defence do not constitute a specific denial, and are equivalent to an admission of plaintiffs' averment.

2. An allegation that defendants cannot determine whether an exhibit to plaintiffs' statement is a copy of the books of original entries, that defendants did order certain goods at prices agreed upon, but that they are unable to state that the prices alleged in the statement are the prices agreed upon at the time of sale, and calling on plaintiffs to produce said books at the trial, is not a specific denial.

3. A denial that the total sum claimed is the amount due, or that it became due as alleged, is an ineffective denial.

4. Where plaintiffs have admitted certain credits, the defence is evasive and insufficient when it admits one credit, but claims more credit as to another item without stating the amount, etc.

5. A suit in *assumpsit* is not barred by the pendency of a mechanic's lien.

6. An allegation by defendants of the record of a mechanic's lien and a petition to amend the same, from which they deduce the conclusion that the defendant firm was the agent of one of its members in purchasing goods from plaintiffs, and that, therefore, the debt is not theirs, but that of the purchasing member, is insufficient.

7. Defendants, after having admitted the sale and delivery to them, cannot defend on the ground that the purchase by the defendant firm was for an undisclosed principal, a member of the firm and one of the defendants, without averring anything as to whether the principal was disclosed or undisclosed.

Practice Act of May 14, 1915, P. L. 483, considered.

*Assumpsit.* Rule for judgment for want of sufficient affidavit of defence. C. P. Lehigh Co., June T., 1922, No. 157.

*Butz & Rupp,* for plaintiffs.

*Dallas Dillinger* and *Dewalt & Heydt,* for defendants.

Reno, J.—Plaintiffs allege that they sold and delivered goods at the prices and in the amounts itemized in their Exhibit "A," which is a copy of their books of original entry. Defendants aver "that they have no knowledge and, upon investigation, cannot determine as to whether the exhibit referred to as Exhibit 'A' is a copy of the plaintiffs' original account taken from the plaintiffs' book of original entries, and, in further answer thereto, say that the defendants did order from plaintiffs' representatives certain goods and materials at prices and amounts agreed upon, but the defendants are not able to say that the prices as stated in Exhibit 'A' are the prices agreed upon at the time of the sale, and, as matter of defence, call upon plaintiffs to produce their original books at the trial of the case." This denial is not specific within the meaning of the Practice Act (sections 6 and 8), and is equivalent to an admission of plaintiffs' allegations. A disavowal of knowledge and a formal call for proof do not constitute a specific denial: Buehler *v.* Fashion Plate Co., 269 Pa. 428; Mellon Bank *v.* People's Bank, 226 Pa. 261.

Plaintiffs allege that thereby there became due to them the sum of $2838.94, and that the same became due thirty days after the delivery of each article. Defendants deny "that the total sum of $2838.94 is the amount due from defendants to plaintiffs, and they further deny that the same became due thirty days after the date of delivery of each article." The denial is bad: First, because it does not deny that which is alleged, namely, that a certain amount became due; second, because a bald denial is never sufficient. "To make his denial effective, a defendant must deny that he collected anything from the party named in the statement or aver how much he did collect from that party, and he must make that denial so clear and specific that plaintiff

630          DISTRICT AND COUNTY REPORTS.

Young et al. v. Woodring e tal.   No. 2.

may forthwith obtain judgment for the amount as to which there is no real defence:" Fulton Farmers' Ass'n v. Bomberger, 262 Pa. 43.

Plaintiffs admit a credit for 66 cents for goods returned on Oct. 10, 1921, and two credits of $300 each for cash payments made on Feb. 12, 1921, and Feb. 7, 1922, leaving a balance of $2238.94 due, for which suit is instituted. Defendants admit "that the payment of $300 is correct, but they claim they are entitled to more credit than the 60 cents mentioned of Oct. 10, 1921, and they deny that the full sum of $2838.94 is still due and owing from defendants to plaintiffs." We do not understand this answer. Plaintiffs admit credits by cash payments aggregating $600; defendants admit the correctness of only one of these payments in the sum of $300. Plaintiffs admit a credit of 66 cents for goods returned; defendants aver that they are entitled to more credit than 60 cents, without stating whether it is 66 cents or more or how such larger credit became available to them. Plaintiffs aver that $2238.94 is the balance due; defendants deny that the sum of $2838.94 is due. Of course, the answer is insufficient, because it is evasive.

As a further defence, defendants set out the record of mechanics' liens filed in this court by these plaintiffs against these defendants, and also the petitions to amend the same, from which, by a comparison of the averments of the liens and the petitions, they deduce the conclusion that the defendant firm was the agent of one of its members, namely, George B. Woodring, in purchasing goods from plaintiffs, and that the debt is, therefore, not theirs, but George B. Woodring's. That is, to say nothing of the error of pleading a conclusion, and after having admitted the sale and delivery to them, they propose to defend upon the ground that the purchase by the defendant firm was for an undisclosed principal, a member of the firm and one of the defendants, without averring anything as to whether the principalship was disclosed or undisclosed. The mere statement of their position is the best exposition of its unsoundness. Nor is the suit in *assumpsit* barred by the pendency of the mechanics' liens: Act of June 4, 1901, § 58, P. L. 431, 456; Artman v. Truby, 130 Pa. 619.

Now, Sept. 18, 1922, rule for judgment for want of a sufficient affidavit of defence absolute, and the prothonotary will enter judgment for plaintiffs and against defendants for principal and interest upon præcipe of plaintiffs' attorneys.                                From James L. Schaadt, Allentown, Pa.