Adams *v.* Brandon et al.

Argued October 12, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*H. E. McCamey,* of *Dickie, Robinson & McCamey,* for appellant.

*Maurice P. Breene,* for appellee.

OPINION BY JAMES, J., February 1, 1934:

Edgar Adams, an employee of H. C. Brandon, was accidentally injured on June 5, 1929 by being caught by a falling timber in loading a truck for defendant. On July 9, 1929, a compensation agreement was entered into between claimant, his employer and the insurance carrier whereby he was to receive compensation for total disability and no denial is made upon the record that he is still totally disabled. Since the date of the agreement the sum of $1,470 has been paid to claimant on behalf of the employer and insurance carrier. On February 16, 1931 the employer, by the insurance carrier, filed a petition to modify the said agreement on the ground that claimant refused to submit to the necessary treatment. An answer was filed and the petition was dismissed on April 30, 1931 by the withdrawal of the petition. On August 6, 1931 the insurance carrier filed its petition to review the compensation agreement upon the ground that, "The policy on which this agreement was entered was cancelled as of date of issue and no premium was ever received by this company from the assured under the same. This error was not discovered until now and we would request to be relieved of any further payments." An answer was filed by the claimant and testimony was taken before the referee, who dismissed the petition. An appeal was taken to the compensa-

tion board which affirmed the findings of fact, conclusions of law and disallowance of the petition by the referee. On the appeal taken to the court of common pleas the court affirmed the findings of the referee and Workmen's Compensation Board and the appeal was dismissed, from which action the present appeal lies.

A summary, of the findings of fact as found by the referee and Workmen's Compensation Board from the testimony and admissions of defendant's counsel is as follows: The insurance carrier issued a, policy to defendant effective June 2, 1929, three days prior to the accident, mailed the policy to their agent and charged the same against the agent; that the policy was in the possession of the agent at the time of the accident because the employer left all of his policies in her safe; that as agent of the insurance company she considered in the renewal of the policy that Mr. Brandon was covered, otherwise she would not have reported the accident; that the policy in dispute was charged by the agent specially to the employer's account and that he had not paid for his insurance for the previous year; that she requested cancellation of the policy because of non-payment of the premium and in November, 1929 the policy was cancelled, the exact date of which does not appear except from the statement of the insurance agent that it was cancelled in her November account; that no record was given to the claim department of the Casualty Company of the cancellation and their first knowledge came in July, 1931, after the bi-yearly report was made to the Pennsylvania Compensation Rating and Inspection Bureau; that the policy of insurance was not offered in evidence nor does it appear that any notice of cancellation of the policy was either served upon or delivered to the employer.

An examination of the testimony and admissions established that these findings of fact were based upon

testimony before the referee and under the authority of Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 133 A. 256, the province of this court is not to weigh the evidence submitted to the referee and reviewed by the board. Our only inquiry is whether there was evidence competent in law to support the findings and whether on such findings the law has been properly applied. It was for the referee and the board to weigh and consider the testimony and the evidence here offered, if believed by the referee and the compensation board, was competent to sustain the findings. All the proofs and inferences to be drawn therefrom were for the referee and the board.

At the time the compensation agreement was executed by the insurance carrier the policy of insurance was in effect and the failure of the employer to subsequently pay for the premiums does not in any way affect the rights which were established as of the date of the execution of the compensation agreement. The insurance carrier extended credit to its agent and its agent in turn extended credit to the employer and for all intents and purposes, during the period in which the extension of credit was given by the insurance carrier or the insurance agent, the policy was effective and binding and any subsequent cancellation of the policy after liability had arisen under the same could not be in any way effective.

It is the established law of this Commonwealth that where by a course of dealings between the insurance company and its agent, the premiums due on a policy issued by such insurance company through such agent are charged to the agent, the agent, not the insured, becomes the debtor of the insurance company; and the subsequent failure of the insured to pay the premiums does not void the policy as to any subsequent loss accrued prior to actual and lawful cancellation of such policy: Lebanon Mut. Ins. Co. v. Hoover, Hughes & Co., 113 Pa. 591, 8 A. 163; Elkins & Co. v. Ins. Co.,

113 Pa. 386, 6 A. 224; Long v. Ins. Co., 137 Pa. 335, 20 A. 1014.

Under the terms of Section 651 of the Act of May 17, 1921, P. L. 682 (40 PS 811), which relates to the policy provisions of "Workmen's Compensation Insurance," inter alia, it is provided: "...... Such obligation shall not be affected by any default of the insured, after the accident, in the payment of premiums or in giving of any notices required by such policy or otherwise." Clearly, under this provision of the act it does not lie in the mouth of the insurance carrier to repudiate an insurance obligation as affecting the rights of third parties after the happening of an accident which fixes a liability under the policy for the non-payment of the premium.

In the case of Levan v. Pottstown, Phoenixville Railway Co. et al., 279 Pa. 381, 124 A. 89, a workmen's compensation case, where the facts were very much stronger in favor of the insurance carrier than the facts in the instant case, it was held that an insurance company is liable on its policy as an insurance carrier in a workmen's compensation case, where it appears the policy was properly executed, that it was delivered to the company's agent, but not actually delivered to the employer, that demands were made for payment of premiums, that notice of the issuance was given to the state department, that notice of cancellation was given to the department as required by law, but no notice to the insured as required by the policy itself, and that the course of dealing with the insured showed that the insurance company deemed the policy in effect at the time of the accident. In the instant case, as far as the record discloses, no notice of cancellation was given to the department as required by law, neither was any notice given to the insured and the testimony clearly establishes that at the time the accident happened the insurance company itself had ex-

476

tended credit to its agent and its agent in turn had extended credit to the employer.

Under Section 413 of the Act of June 26, 1919, P. L. 642, as amended by Section 6 of the Act of April 13, 1927, P. L. 186 (71 PS 771), it is provided: "The board or referee ...... may, at any time, review and modify or set aside an original or supplemental agreement, ...... if it be proved that such agreement was ...... founded upon a mistake of law or of fact." Under the findings of fact as found by both the referee and the compensation board we find no mistake of law or fact as of the date of the execution of the compensation agreement. The insurance was effective on the 5th day of June, the date of the accident, and the mere fact that later the insured failed to pay the premium was not such a mistake of fact as would as a matter of law justify the referee and the compensation board in setting aside the agreement of compensation.

Judgment affirmed.