Crew Levick Company *v.* Philadelphia Investment Building and Loan Association, Appellant.

Argued October 30, 1934.

Before TREX-

LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Hyman Shane,* and with him *Harry Fuiman,* for appellant.

*Harry Fischer,* of *Illoway & Fischer,* for appellee.

OPINION BY JAMES, J., March 13, 1935:

This is a suit in assumpsit that was tried before the court without a jury.

Plaintiff offered in evidence paragraphs one to eleven exclusive of paragraph nine of the plaintiff's statement and the corresponding paragraphs of the affidavit of defense from which averments and admissions the following facts were established: Edward G. Schultz was the owner of two apartment houses in the City of Philadelphia, that were subject to a building and loan mortgage held by the defendant association; that during the ownership of Schultz, plaintiff furnished the apartments quantities of fuel oil amounting to $1,172.73; that during the month of May, 1931, the apartment houses were conveyed to Marjorie E. Wint and Elmer Moser in trust for the use and benefit of the defendant association. Paragraph nine averred, "At the time of so doing the said defendant Philadelphia Investment Building & Loan Association, a corporation, agreed in consideration of the transfer to it of the title to the said properties to pay and

assume all obligations then or thereafter existing against the said building by reason of the operation and maintenance thereof including the amount due this plaintiff," to which defendant answered, "9. Denied as set forth in paragraph nine, the facts concerning said transfer are hereinafter set forth." These paragraphs were not offered in evidence. Plaintiff then offered paragraph ten, which is as follows: "(10) A true and correct copy of the aforesaid agreement is hereto attached made part hereof and marked Exhibit B," and that portion of the affidavit of defense which reads: "(10) Admitted defendant executed said paper ......" The relevant portions of said agreement were as follows: "IT IS THEREFORE AGREED by the undersigned, the PHILADELPHIA INVESTMENT BUILDING AND LOAN ASSOCIATION and the said EDWARD G. SCHULTZ, ......, that in consideration of the transfer of the said properties, as aforesaid, that the said PHILADELPHIA INVESTMENT BUILDING AND LOAN ASSOCIATION will assume and pay all indebtedness heretofore incurred or incurred up to the date of this agreement on account of the ownership, operation and maintenance of the said CAVALIER and TOWERS APARTMENTS, saving and excepting any liabilities by reason of any money advanced by EDWARD G. SCHULTZ, THE R. K. LeBLOND MACHINE TOOL COMPANY or any one for or on their behalf and saving and excepting any liability which may arise out of the contract of employment between ANDERSON and EDWARD G. SCHULTZ." Plaintiff then offered in evidence the following portion of paragraph twelve of the affidavit of defense: "12. Deponent further saith, that at the time of the sale and conveyance of said properties to defendant, by the said Edward G. Schultz, the then owner, he was largely indebted for the taxes due thereon; interest due on the

first and second mortgages thereon, for which he had become personally liable, and the defendant had notified him it would be compelled to proceed to collect by suit on its own mortgages thereon, whereupon he agreed verbally to convey the said properties to the defendant, so that it could have the immediate benefit of the rents and income from said properties, and the defendant agreed to pay certain debts of the said Schultz, including the said claim of the plaintiff.'' Objection was made to this offer because it failed to cover the entire paragraph, the remaining portion of which is as follows: ''Defendant further agreed to deliver and surrender to the said Schultz two certain bonds of indemnity given by the American Building Corporation which Schultz had theretofore furnished the defendant indemnifying the defendant for certain liabilities against the said properties, and the said Schultz agreed to pay the two excepted claims mentioned in the Exhibit 'B' of the plaintiff's statement of claim.'' The objection was overruled and the portion of paragraph twelve admitted. Plaintiff rested and defendant attempted to prove that which can be best set forth by the following excerpt from the court's opinion: ''First the defendant offered in evidence the true date of the incompletely executed written agreement between Schultz and the defendant as being February 10, 1931. Defendant then made offers of proof of the matters in defense as averred in the affidavit. In substance, these offers of proof by the defendant were to the effect that at the time of the sale and conveyance of the properties by Schultz on May 23, 1931, Schultz had been largely indebted for taxes and interest due on the first and second mortgages of the apartment houses; that he was personally liable on same and when the defendant notified him that it would be compelled to proceed to collection by suit, Schultz orally agreed to convey the properties to the

defendant so it could have the immediate benefits of the rent and income from the properties, and the defendant agreed to pay certain of Schultz's debts, including plaintiff's claim; that defendant further agreed to deliver and surrender to Schultz two certain bonds of indemnity given by Schultz, and Schultz specifically agreed to pay two certain claims, one of them amounting to $1,779 due by Schultz to Anderson, who had an exclusive rental agency contract with Schultz, whereby Anderson was to collect the rents and receive 5% commission thereon, said rents accruing under leases to the apartment houses; that Schultz failed to pay the claim of Anderson as he had promised to do and the defendant, in order to obtain possession of the leases, which was a very vital part of the consideration, was required to pay Anderson over $1,700 in order to obtain the leases in possession of Anderson. That the defendant paid all the other claims it agreed to pay except the plaintiff's, and that inasmuch as the plaintiff sought to recover under a contract made for its benefit, there was available against it such defenses as the defendant had against Schultz.

"Defendant also offered to prove by Anderson what the rentals were, how much were collected and how much was required to pay him in order that the defendant might obtain the leases, and the income from the apartment houses. To all the aforesaid offers of proof by the defendant, plaintiff's counsel objected and the trial court sustained the objections and noted defendant's exceptions thereon." Defendant presented requests for findings of fact and conclusions of law which were answered specifically in an opinion filed, in which the trial judge found in favor of the plaintiff. Defendant's motions for a new trial and judgment n. o. v. were denied, and defendant has appealed from the judgment entered on the verdict.

Under appellant's first assignment, it is contended

that the court erred in admitting the portion of paragraph twelve. The plaintiff restricted the offer to that portion of the affidavit of defense which he believed essential to the proof of his case, which is in accordance with the approved practice. It is the uniform practice in this state for the plaintiff to offer any part or parts of an affidavit of defense which show admissions by his opponent sustaining the plaintiff's claim. He may offer those parts of the affidavit for the specific purpose of showing such admissions and the offer and the evidence will be confined to that purpose. He is not required to offer the whole affidavit and is not bound by any part of the affidavit which he does not specifically offer, nor can the defendant use the other parts of the affidavit to relieve himself from supporting those averments by proof: Pittsburgh v. Railways Co., 234 Pa. 223, 83 A. 273; Mellon National Bank v. Peoples Bank, 226 Pa. 261, 75 A. 363; Buehler v. U. S. Fashion Plate Co., 269 Pa. 432, 112 A. 632.

Assignments of error two and three relate to the refusal of the court to permit the attorney who drew the contract to testify, whether Schultz had complied with the contract and what was the meaning of the contract. The contract provides that in consideration of the transfer of the properties, defendant would assume and pay all indebtedness incurred on account of the ownership, operation and maintenance of the apartments......saving and excepting liability which may arise out of the contract of employment between Anderson and Edward G. Schultz. Plaintiff's account was made payable by defendant under the contract at the time of the conveyance of the properties and was not in any way affected by the failure of Schultz to adjust the contract of employment between himself and Anderson. The obligation of the defendant to pay the indebtedness incurred or to be incurred was absolute. This was recognized by the association,

as it had paid all the other claims it was obliged to pay under the agreement, and the failure of Schultz to adjust his liability arising out of the contract of employment did not affect the association's definite assumption of plaintiff's account. The language of the contract was plain and unambiguous; its construction and intent were entirely for the court and could not be modified by the interpretation which the attorney who drew the contract would have placed upon its meaning.

Assignments of error 4, 5, 6, 7, 8, 9, 10, 11, complain that the court erred in sustaining the objections to the offers of testimony. A detailed recital of them is unnecessary as they are fully covered in the court's opinion and all involve essentially the same question: whether the defendant in the absence of fraud, accident or mistake could by parol testimony vary the written terms of the contract. Appellant recognizes the principle enunciated in Gianni v. Russell, 281 Pa. 320, 126 A. 791 and many cases following, that where parties without any fraud or mistake have deliberately put their engagements in writing the law declares the writing to be not only the best but the only evidence of their agreement and that all preliminary negotiations, conversations and verbal agreements are merged and superseded by the subsequent written contract, and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties and its terms cannot be added to nor subtracted from by parol evidence, but contends the testimony offered was not to vary the terms of the written agreement but attempts to apply the rule as laid down in Knight v. Gulf Refining Co., 311 Pa. 357, 166 A. 880, that parties may by subsequent oral agreement modify a written contract which they previously entered into; the new contract thus agreed upon is a substitute for the original one insofar as it alters,

modifies, or changes. The date of the original contract was May ...... 1931, and at the trial plaintiff offered testimony to the effect that the contract was drawn about February 10, 1931; but in the affidavit of defense it is admitted by the defendant that the conveyance of the properties was on May 23, 1931. Under these circumstances, the contract must be considered as of the date of the conveyance of the properties and all preliminary negotiations or oral arrangements that had been entered into between the respective parties must have been considered as merged in the contract. Although perhaps drawn in February, 1931, it did not become effective until the date of the conveyance in May, 1931, so that any parol arrangements made prior to the date of the conveyance, could not in any manner vary the terms of the written contract.

Appellant earnestly argues that defenses available against a third party beneficiary are the same as those available to the promisor against the promisee; the third party stands in the shoes of the promisee, and as the plaintiff was not a party to the contract, the parol evidence rule does not apply. In this appellant loses sight of the fact that plaintiff, although not directly a party, claims by virtue of the contract which provided for the payment of plaintiff's claim. The language of Justice MESTREZAT in Johnson v. Stewart, 243 Pa. 485, 90 A. 349, is particularly applicable: "It, is, therefore, claimed that as the plaintiff here was not a party to the policy he is not bound by the rule excluding parol evidence to contradict or vary it, and that the defendants are, in this controversy with him, likewise relieved from the application of the rule and are free to show that the plaintiff's goods were not included in the policy of insurance. It is true that the rule applies only between parties to the contract and their privies, and that it has no application to a stranger to the contract. The latter may, however, show that it was

entered into for his benefit, and, therefore, he has rights under the instrument. He then claims through one of the parties and both he and his adversary, a party to the contract, are excluded from testifying. The rule as to the rights of strangers to the contract, to vary it by parol, must be limited to rights independent of the instrument. As to rights which originate in the relation established by the instrument the ordinary rule must apply; Browne on Parol Evidence, 28. Where a third person not a party to an instrument claims rights or benefits thereunder and seeks to take advantage thereof, the parol evidence rule applies to him as much as to a party, and he is not entitled to introduce evidence to vary or contradict the writing: 17 Cyc. 752.''

Assignments of error 12, 13, 14, 15, and 16, relate to the refusal of the trial judge to affirm certain requests for findings of fact which were based upon the offers of testimony that had been excluded by the trial judge. In view of our ruling that the offers were properly rejected, no error was committed. Under these assignments and assignments of error 17, 18, 19 and 20, error is alleged in that the court violated its duty in refusing to make specific findings of fact and conclusions of law. An examination of the record clearly shows that the court specifically answered every request that was made. In its memorandum opinion and later in a full opinion, the court dealt with every question that was raised by appellant. Where on a trial by the court without a jury, the controlling questions are set forth by the court in a general opinion, specific answers to requests are not required, as it would be an unnecessary burden for the trial court to specifically answer every request that might be suggested, whether pertinent or not: Athens National Bank v. Ridgebury Township, 303 Pa. 481, 154 A. 791. Under appellant's assignments of error

17, 18, and 19, complaint is made that the trial judge erred in refusing to affirm defendant's first, second, and third requests for conclusions of law. As to the first request which is as follows: "A person for whose benefit a contract is made must take it subject to equities and defenses arising out of the breach by one of the parties thereto," we believe is a correct principle of law, and it could have been affirmed; but in view of the court's findings that no breach had been established, it was inapplicable to the facts established, and therefore properly declined. The second request was practically a point for binding instructions as it assumed that a default had been committed by Schultz and was properly declined. The third request involved Section 140, of the Restatement of Law of Contracts, and as a correct rule could have been affirmed, but was undoubtedly refused because it involved facts that had not been established. Conceding, however, for the purpose of argument that error was committed by the trial judge, it had no effect upon the ultimate finding of the trial judge that the verdict should be for the plaintiff.

Appellant's contention that the written agreement is void because of the absence of a corporate seal was not raised in the affidavit of defense or at the trial. The agreement was executed by its vice-president and attested by its secretary and no question is raised as to their authority to execute it, and on the strength of the agreement a conveyance of the apartments was made to the appellant. Having received the advantages of the agreement, it is now estopped from repudiating its burdens.

Other questions that have been raised by appellant's counsel in his exhaustive and able brief, we have considered, but find no merit in them.

The assignments of error are overruled and the judgment is affirmed.