Saitta *v.* Bankers Indemnity Insurance Company, Appellant.

642

Argued October 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Thomas R. White, Jr.,* for appellant.

*M. E. Maurer,* with him *Nissenbaum & Maurer,* for appellee.

OPINION BY RENO, J., March 17, 1953:

Defendant issued its insurance policy, dated January 5, 1949, retroactive to November 26, 1948, covering plaintiff's liability for workmen's compensation for which plaintiff paid $78, the estimated advance premium. Compensation for $563.20 was awarded to one

of plaintiff's employes, which plaintiff paid, and sued defendant to recover that sum.[1]  Defendant contended that the policy had been cancelled by it before plaintiff's liability for his employe's compensation accrued. The court below, trying the case without a jury, found for plaintiff and denied defendant's motions for a new trial and judgment n.o.v.

In respect to the cancellation of the policy by the insurance carrier, the policy contains the following provisions:

Clause VII-B: "Notice of cancelation shall be served upon this Employer as the law requires, but, if no different requirement, notice mailed to the address of this Employer herein given shall be a sufficient notice, and the check of the Company, similarly mailed, a sufficient tender of any unearned premium."

Clause VII-B: "The law of any state, in which this Policy applies, which requires that notice of cancelation shall be given to any Board, Commission or other state agency is hereby made a part of this Policy and cancelation in such state shall not be effective except in compliance with such law."

Standard Pennsylvania Workmen's Compensation Agreement, clause 10: "This Policy shall not be cancelled except upon 10 days' notice by the Company to the Pennsylvania Compensation Rating and Inspection Bureau."

In its original answer defendant denied that it received the $78 premium and averred that it had cancelled the policy for non-payment of the premium.  In its amended answer it admitted that it had received the premium and denied that it had cancelled the policy

---

[1] Plaintiff's insurance broker, Boroch, was sued jointly with the defendant insurance carrier. Judgment was entered against the carrier only, and Boroch is not a party to this appeal.

for non-payment. Its position now is that under the terms of the policy it was authorized to cancel the policy without assigning any reason, and that if it stated a reason which was untruthful the false statement was nevertheless immaterial. Our view of the case renders unnecessary examination of this contention or its implications.

Defendant claims that it cancelled the policy by a written notice addressed to plaintiff dated June 10, 1949, effective June 21, 1949. Its proof of the mailing of the notice was defective but plaintiff frankly admitted that he received a notice *before* the date on which his employe was injured. However, defendant never returned the unearned premium *to plaintiff*. It was sent via defendant's agent to Boroch, plaintiff's broker, who retained it on account of a claim he asserted against plaintiff. This did not comply with the terms of defendant's policy which required that only "the check of the Company, similarly mailed, [*to the address of the employer*]" shall constitute "a sufficient tender of any unearned premium." Return of the premium to plaintiff was an indispensable condition of a cancellation. *Gosch v. Firemen's Ins. Co.,* 33 Pa. Superior Ct. 496; *Letvin v. Phoenix Ins. Co.,* 91 Pa. Superior Ct. 422.

Payment to Boroch was not payment to plaintiff. Boroch was plaintiff's broker. As such, he was authorized by the Act of May 17, 1921, P. L. 789, §621, 40 P.S. §251, to act or aid a patron "in obtaining insurance."[2] For the purpose of obtaining insurance Boroch was plaintiff's agent, but once the insurance was pro-

---

[2] Act of 1921, supra: "An insurance broker is a person, copartnership, or corporation, not an officer or agent of the company, association, or exchange interested, who or which, for compensation, *acts or aids in any manner in obtaining insurance for a person other than himself or itself.*" (Emphasis added.)

cured, his authority ceased in the absence of an agreement between them providing for further duties and powers, of which there is no proof. Plaintiff was not bound by Boroch's receipt and acceptance of the unearned premium. *Jones v. Dubuque Fire & Marine Ins. Co.,* 317 Pa. 144, 176 A. 208.

Moreover, defendant failed completely to establish that it notified the Commonwealth's agency of the cancellation of the policy, as required by the policy. The burden of proof rested upon it and it was obliged to show, as a part of its defense, that it had complied with every term of its policy relating to a cancellation. *Verecchia v. DeSiato,* 353 Pa. 292, 45 A. 2d 8; *Adams v. Brandon,* 111 Pa. Superior Ct. 471, 170 A. 391.

Res judicata is not available as a defense. It seems that defendant appeared before the referee in the workmen's compensation proceedings and contended that its policy had been cancelled. The referee sustained that contention and awarded compensation solely against the plaintiff-employer. Unfortunately, defendant did not specifically plead the affirmative defense of res judicata, as required by Pa. R. C. P. No. 1030. Plaintiff introduced in evidence the record of the proceedings before the referee but only for the *limited purpose* of showing that defendant had appeared at the referee's hearing. Defendant made no effort to introduce the record generally in its own behalf. Since the record was received only for a limited purpose, it could not be used for any other. *Mellon National Bank v. People's Bank,* 226 Pa. 261, 75 A. 363; *Baldi v. Metropolitan Life Ins. Co.,* 30 Pa. Superior Ct. 213. The defense of res judicata was not raised in any manner in the court below and it cannot be interposed for the first time on appeal. *Lang v. Recht,* 171 Pa. Superior Ct. 605, 91 A. 2d 313.

Judgment affirmed.