Hansel *v.* Hansel (et al., Appellant).

Argued April 12, 1967. Before ERVIN, P. J.,WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John B. Gates,* for appellant.

*William U. Smith,* for appellee.

OPINION BY JACOBS, J., June 16, 1967:

In this workmen's compensation case the only question is which of two insurance companies insuring different businesses of the same owner is liable for an award made in favor of the claimant.

The referee decided that both insurance companies were liable, each for half of the award. The board, after modifying two findings of fact and adding an additional one, held the appellant, Statesman Insurance Company, solely liable for the award. The Court of Common Pleas of Clearfield County affirmed the board.

Claimant, Joseph A. Hansel, was injured on April 14, 1965. He had been employed for a year by S. R. Hansel, who owned[1] and operated two businesses about two and one-half miles apart, one a coal stripping operation and the other a dairy farm. All employees, whether working in the coal operation or on the farm, were paid from an account designated S. R. Hansel Coal Company. Claimant until the day of the accident ran the coal tipple at the strip mine. On the day of the accident S. R. Hansel directed him to go to the farm and put a rear bearing on a manure spreader and it was while he was doing this that the injury occurred.

The board based the award against Statesman Insurance Company on the following finding of fact, "Tenth: By the insurance contracts with the employer all Workmen's Compensation Insurance for accidents on the employer's farm was carried by Statesman Insurance Company, and all Workmen's Compensation Insurance for accidents at the employer's strip mine was carried by Bituminous Casualty Company."

We have searched the record and we can find nothing to support the board's tenth finding of fact. There is no testimony in regard to the terms of the insurance policies issued by each company, nor have the policies been admitted into evidence. However, it is obvious

---

[1] Apparently the estate of S. R. Hansel's late brother, Robert F. Hansel, also owned a share of the two businesses although S. R. Hansel acted as owner-manager of the enterprise.

that the board in making this finding of fact relied on its construction of the insurance policies.[2]

Our inquiry on appeal in workmen's compensation cases is to determine whether there was competent evidence to support the findings of fact and whether on such findings the law has been properly applied. *Adams v. Brandon,* 111 Pa. Superior Ct. 471, 170 A. 391 (1934). Where, as here, there is no evidence, direct or inferential, to support a finding of fact it cannot stand. *Sharpe v. Federal Cleaning Company,* 144 Pa. Superior Ct. 231, 19 A. 2d 509 (1941). Thus, we cannot sustain the conclusion of the compensation authorities that, by virtue of the insurance contracts, Statesman Insurance Company was liable to pay this compensation.

Which compensation carrier is liable in this case is an issue distinct from the claim against the employer, and the compensation authorities and the courts must determine the coverage of the policies. In determining coverage the language of the policies involved is important. Cf. *Coccaro v. Herman Coal Company,* 145 Pa. Superior Ct. 81, 20 A. 2d 916 (1941); *Nilsson v. Nepi Brothers,* 138 Pa. Superior Ct. 107, 9 A. 2d 912 (1939).

That portion of the award directing that the same be paid by Statesman Insurance Company is set aside, and the record is remanded to the court below with direction to return it to the Workmen's Compensation Board for further proceedings to determine the coverage of each carrier in accordance with this opinion.

WATKINS, J., dissents.

---

[2] In its opinion the board said: ". . . it is the policies themselves which determine which insurer is liable."