Kenneth **WHITMER** and Beatrice Whitmer, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE.**

William E. **HEITZMAN** and Mary Heitzman, Appellants,

v.

**COMMISSIONER OF INTERNAL REVENUE.**

Nos. 19201, 19202.

United States Court of Appeals, Third Circuit.

Argued April 20, 1971.

Decided May 20, 1971.

Joseph A. McMenamin and Scott P. Crampton, Washington, D. C. (Stanley Worth, Worth & Crampton, Washington, D. C., on the brief), for appellants.

William S. Estabrook, III, Dept. of Justice, Tax Division, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Grant W. Wiprud, Attys., Tax Division, Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before SEITZ, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

The sole question presented on this appeal is whether the Tax Court erred in finding that the taxpayers do not have a sufficient "economic interest" in a certain anthracite coal lease in Northumberland County, Pennsylvania to qualify for the depletion deduction allowed by §§ 611 and 613 of the Internal Revenue Code of 1954 ("the Code"), 26 U.S.C. §§ 611, 613.

For the most part, the facts in this case are not in dispute; rather the parties disagree principally with regard to the legal inferences which must be drawn from the facts. On February 11, 1952, taxpayers,[1] together with two other partners, purchased for $5,000 from a third party all its interest in a deep mining operation located in Northumberland County, Pennsylvania. Title to the 127 acres of land on which the mining occurred remained, at all times here pertinent, in the County. The lease was renewed by the County in 1956, and the partnership operated the mine continuously until 1961. At that time, the partners realized that the vein of coal being mined was near exhaustion, and further capital investment would be required to take the mine to a lower level. Since taxpayers' partners did not wish to increase their investment, the taxpayers purchased the interest of the retiring partners in the operating rights and equipment for $17,500, allocating $12,-

---

1. The wives of taxpayers are parties to this litigation only because they filed joint returns with taxpayers in the taxable years in question.

172

500 to the equipment and $5,000 to the other partners' interest in the operating rights or lease.

On June 13, 1961, Northumberland County granted the new partnership of Heitzman & Whitmer a lease covering the 127 acre tract without payment of further consideration. The lease provided *inter alia* that it would not affect in any way the title of the County in the land, that the mining interest was non-assignable without the County's permission, that the lease would terminate if the County sold the land, and that the County could terminate the lease otherwise upon thirty days' notice. The partnership sold the coal it mined at market prices and kept the proceeds. Taxpayers reported on their personal returns income from the partnership operation based on the distributable income shown on the partnership returns for the years 1962, 1963 and 1964. The Commissioner disallowed the depletion deduction claimed by the partnership, thereby increased the income of the taxpayers, and accordingly issued to each taxpayer and his spouse notices of a deficiency. Taxpayers challenged the deficiencies in the Tax Court, but Judge Irene F. Scott, in an opinion reported unofficially at 28 T.C.M. 1480 (1970), upheld the deficiencies. From the decision of the Tax Court, the taxpayers have appealed pursuant to §§ 7482, 7483 of the Code.

The depletion deduction "is based on the theory that the extraction of minerals gradually exhausts the capital investment in the mineral deposit", and "is designed to permit a recoupment of the owner's capital investment in the minerals so that when the minerals are exhausted, the owner's capital is unimpaired." Commissioner of Internal Revenue v. Southwest Exploration Co., 350 U.S. 308, 312, 76 S.Ct. 395, 397, 100 L. Ed. 347 (1956). Accordingly, one must possess an economic interest in the minerals in place which will not terminate until the minerals are exhausted.

Hence, § 1.611–1(b) (1) of the Income Tax Regulations, 26 C.F.R. § 1.611–1(b) (1) provides that

"Annual depletion deductions are allowed to the owner of an economic interest in mineral deposits * * * An economic interest is possessed in every case in which the taxpayer has acquired by investment any interest in mineral in place * * * and secures, by any form of legal relationship, income derived from the extraction of the mineral * * * to which he must look for a return of his capital. But a person who has no capital investment in the mineral deposit * * * does not possess an economic interest merely because through a contractual relation he possesses a mere economic or pecuniary advantage derived from production. * * * "

Two requirements are thus established by the Regulation for one to qualify for the depletion deduction: (1) an interest in the mineral in place acquired by investment, an interest interpreted by the courts to include the right to mine the mineral until exhaustion, and (2) income derived from the extraction and sale of the mineral.[2] The problem in this case arises from the first requirement, and the crux of our inquiry is whether the clause in the lease with the County giving the County the right to terminate the lease on thirty days' notice, prevents the taxpayer from possessing the requisite "economic interest" in the coal to qualify for the depletion deduction.

Taxpayers maintain that under Pennsylvania law they have a fee simple interest to the coal in place on the County's property. See School District of Borough of Shenandoah v. City of Philadelphia, 367 Pa. 180, 186, 79 A.2d 433, 436 (1951), a case in which the lessor did not have a right to terminate the lease without cause. Yet, regardless of the label placed on taxpayers' interest, their contract with the County stated—

2. But compare Casey, "The Economic Interest—Play it Again, Sam," 24 Tax Lawyer 129 (1970).

and the Tax Court found—that the taxpayers' interest was terminable at the will of the County on thirty days' notice. Such right on the part of the lessor to terminate would appear to be fatal to a lessee's ability to claim the depletion deduction because no right to extract until exhaustion of the coal has been granted.

For example, in United States v. Wade, 381 F.2d 345 (5th Cir. 1967) the lessee was given the right to quarry dolomite on land owned by United States Pipe & Foundry Corp. Most of the dolomite was required to be sold to the owner of the land at a fixed price, but the remainder could be sold by Wade on the market. Nevertheless, the Court found while taxpayer did possess an economic advantage, he had no sufficient economic interest where the contract was terminable without cause at the end of each year, and for cause on thirty days' notice. See 381 F.2d at 351. Indeed, we believe the statement by the Fourth Circuit in United States v. Stallard, 273 F. 2d 847, 851 (1959), still retains its vitality:

"Perhaps the most important [circumstance in determining whether a mineral producer possesses the requisite economic interest] is whether the producer has the right under the contract to exhaust the deposit to completion or is subject in this respect to the will of the owner through a provision in the agreement empowering the owner to terminate the contract at will * * * "

See generally Paragon Jewell, Coal Co. v. Commissioner of Internal Revenue, 380 U.S. 624, 633–634, 85 S.Ct. 1207, 14 L.Ed.2d 116 (1965); Parsons v. Smith, 359 U.S. 215, 79 S.Ct. 656, 3 L.Ed.2d 747 (1959); Commissioner of Internal Revenue v. Mammoth Coal Co., 229 F.2d 535 (3rd Cir. 1956); Mullins v. Commissioner of Internal Revenue, 48 T.C. 571, 582 (1967).

Taxpayers attempt to meet this deficiency in their contract by relying on "local custom, usage and law in Northumberland County" to show that their contract could not be terminated by the County except for cause. This contention, if true, would be sufficient to make taxpayers eligible for the depletion deduction. Cf. Commissioner of Internal Revenue v. Mammoth Coal Co., supra; Elm Development Co. v. Commissioner of Internal Revenue, 315 F.2d 488 (4th Cir. 1963). However, taxpayers must first overcome the parol evidence rule which in the absence of fraud, accident, or mistake prohibits resort to extrinsic evidence to vary the meaning of a contract when the language of the contract is unambiguous.[3] Yet, even assuming that extrinsic evidence may be used here, it would be insufficient to controvert the Tax Court's finding that the County had the right to terminate the lease on thirty days' notice. Taxpayers introduced evidence from which the Tax Court found that "it was not the practice of the [County] Commissioners to terminate without cause." However, there is no proof that the Commissioners could not terminate the lease at will, in order, for example, to secure another lessee who would pay the County more money for the right to mine the coal. Such termination might be particularly a risk upon the advent of a new administration in the County government.

Taxpayers cite County of Northumberland v. Sanchez, 22 Northumberland Legal Journal 85 (1950) to demonstrate that the County could not cancel the lease except for cause. However, the court in that case reached no such conclusion, but instead found evidence which should have been submitted to the jury that the parties had modified the mining lease orally to prevent cancellation at will. No such evidence has been adduced in this case, and we believe the

3. See e. g., Crew Levick Co. v. Philadelphia Inv. Bldg & Loan Assn., 117 Pa. Super. 397, 177 A. 498 (1935); cf. Morgan v. Phillips, 385 Pa. 9, 122 A.2d 73 (1956); see also Commissioner of Internal Revenue v. Danielson, 378 F.2d 771, 775 (3rd Cir. 1967).

Tax Court was correct in concluding that the lease provisions were enforceable as written.

Taxpayers argue that the $5,000 paid to their former partners demonstrates the existence of an economic interest. The Tax Court found that this money represented payment only for an undertaking by the old partnership to recommend that taxpayers receive a lease from the County. There is no basis for holding that finding is erroneous.

Accordingly, the judgment of the Tax Court will be affirmed.