Frank J. ANTIMARY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (U.S. #1 AUTO SALES & KLM Insurance Group), Respondents.

U.S. #1 AUTO SALES, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (ANTIMARY), Respondent.

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1995.

Decided March 3, 1995.

Sayde J. Ladov, for petitioner/respondent Frank J. Antimary.

Ernest J. Bernabei, III, for petitioner/respondent U.S. # 1 Auto Sales.

Paul A. Nappi, for respondent KLM Ins. Group.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

PELLEGRINI, Judge.

Frank J. Antimary (Claimant) and U.S. # 1 Auto Sales (Employer) petition for review the order of the Worker's Compensation Appeal Board (Board) reversing the referee's decision that KLM Insurance Group (KLM) had represented to Employer that it had obtained worker's compensation insurance for Employer.

Claimant filed a claim petition alleging he sustained a work-related injury while employed as a lot man for Employer on August 8, 1990. Employer turned the claim over to KLM in the belief that KLM had secured worker's compensation insurance for it. KLM informed Employer that it had never been requested to secure a worker's compensation policy on Employer's behalf.

Employer then filed a joinder petition to join KLM as an additional defendant. The petition alleged that the insurance agency negligently failed to provide insurance coverage and Employer justifiably relied on the representation of Richard Sobel, an agent for KLM, that full coverage was provided. KLM answered that the referee had no jurisdiction over it because the Pennsylvania Worker's Compensation Act (Act)[1] covers only insurance carriers. The case was bifurcated to determine the joinder issue before the merits of the claim petition.

Before the referee, the owners and managers of Employer testified that they believed, based on Sobel's statements, that the policy Sobel sold it provided full coverage, including worker's compensation. KLM, through Sobel's testimony, stated that it sold Employer only a "garage" insurance policy from Empire Insurance Company that did not include worker's compensation coverage.[2] The referee found that Sobel represented to Employer that the policy provided "full coverage" and that Employer justifiably relied on

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Sobel also testified that the first time he was asked about worker's compensation was after Claimant was injured. On cross-examination, he testified that he did not ask any of the representatives of Employer whether the business needed worker's compensation insurance.

the representation of full coverage in their belief that they had worker's compensation coverage. The referee granted the petition for joinder and held that KLM was at risk for insurance coverage to Claimant. KLM appealed the decision to the Board.

■ The Board reversed, holding that a referee does not have jurisdiction to join an insurance agent or broker such as KLM in worker's compensation proceedings.[3] The Board also indicated that Employer's remedy would be a civil action against KLM. Claimant and Employer then filed appeals.[4]

■ The main issue presented is whether a referee has jurisdiction to join an insurance agency in a worker's compensation case to be responsible for benefits. A worker's compensation referee does have jurisdiction over the scope of insurance coverage and whether there is liability under an insurance policy. In *Travelers Insurance Company v. Workmen's Compensation Appeal Board (Levine)*, 68 Pa.Commonwealth Ct. 24, 27, 447 A.2d 1116, 1118 (1982), we stated that "a determination of liability of the insurance carrier was within [the referee's] province." In *Workmen's Compensation Appeal Board v. Cicioni*, 29 Pa.Commonwealth Ct. 381, 383, 370 A.2d 1256, 1257 (1977), we held that the referee could determine whether an insurance policy was properly cancelled because "the general question of the liability of an insurer under a workmen's compensation policy is within the jurisdiction of the compensation authorities." Both Claimant and Employer contend that these cases support the referee's jurisdiction over KLM.

■ Although the case law indicates that the referee has broad authority to determine issues relating to the liability of an *insurance carrier*, nothing in these cases or the Act give the referee or the Board authority to determine that someone other than an employer or an insurance carrier is liable for worker's compensation benefits. The authority of the worker's compensation referee and Board is purely statutory. *See Czepukaitis v. Philadelphia & Reading Coal & Iron Co.*, 203 Pa.Superior Ct. 493, 201 A.2d 271 (1964). The Act requires employers who are liable to pay compensation to insure that payment through the State Workmen's Insurance Fund or through an insurance company or mutual association authorized to insure such liability in this Commonwealth. Section 305 of the Act, 77 P.S. § 501. Only such an insurer, not an insurance agent or agency, assumes the liabilities and the immunities of the employer under the Act. *Id.*

Additionally, the provisions of the Act repeatedly refer to only an employer or its insurer as parties before the referee or the Board. *See, e.g.,* Sections 401.1, 407 and 409 of the Act, 77 P.S. §§ 710, 731, and 733. In Section 401 of the Act, 77 P.S. § 701, the terms "insurer" and "carrier" are defined in the same way:

> The terms **"insurer"** and **"carrier"**, when used in this article, shall mean the State Workmen's Insurance Fund or other insurance carrier which has insured the employer's liability under this act, or the employer in cases of self-insurance.

■ Because the Act applies to only insurance carriers, the referee has no jurisdiction to join additional defendants who are not insurance carriers. *See also*, The Special Rules of Administrative Practice and Procedure Before Referees, 34 Pa.Code §§ 131.5 and 131.36.

■ In this case, the parties admitted that Sobel and KLM are insurance agents and brokers and there was no allegation that they

---

3. The Board cited Section 131.36(b) of the Special Rules of Administrative Practice and Procedure Before Referees, 34 Pa.Code § 131.36(b), which provides:

    A petition for joinder shall set forth the identity of employers and insurance carriers sought to be joined and the reasons for joining a particular employer or insurance carrier *as well as* the specific facts and the legal basis for the joinder.

4. On appeal, our standard of review of a Board order is limited to determining whether there has been a constitutional violation or an error of law or whether the necessary findings of fact are supported by substantial evidence. Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. Commonwealth, State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

are licensed to be insurers.[5] The insurer for the "garage" insurance policy purchased by Employer through Sobel was Empire Insurance Company, a separate entity from KLM. Insurance agents and brokers are distinct from insurance companies and are in the business of helping individuals or businesses acquire insurance from insurance companies typically for a commission. Sections 601, 611, and 621 of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§ 231, 241, and 251.[6] Once a policy of insurance is procured, an insurance agent or broker ceases to have authority for the insured. *See Saitta v. Bankers Indemnity Insurance Company,* 172 Pa.Superior Ct. 641, 95 A.2d 375 (1953).

■ The referee did not have jurisdiction over KLM to join it as an additional defendant and the Board properly reversed the decision. KLM correctly argues that the Claimant's claim against the Employer is not affected, and that the Employer's remedy should have been to a court of common pleas on its allegations that Sobel acted negligently and that it justifiably relied on representations of full coverage.[7] Accordingly, we affirm.

## ORDER

AND NOW, this 3rd day of March, 1995, the order of the Worker's Compensation Appeal Board, No. A93–1300, dated July 27, 1994, is affirmed.

---

5. Although Claimant and Employer argue that the Board could not make a finding that KLM was not an insurance carrier, that fact was not disputed before the referee. Sobel testified that he and KLM brokered insurance contracts for other insurance companies, such as Empire Insurance Company, in this case, and the referee found that Sobel was only an insurance agent. (Reproduced Record 145a).

6. An agent is defined as a person, being authorized in writing, who solicits insurance on behalf of any insurance entity, negotiates the policy of insurance, transmits an application for such a policy and who may collect premiums and issue or countersign policies on behalf of an insurance entity. 40 P.S. § 231. An insurance broker is defined as a person, not an officer or agent of the entity interest, who, for compensation, acts or aids in any manner in obtaining insurance for another person. 40 P.S. § 251. An insurer is a company, association or exchange which transacts the business of property or casualty insurance. 40 P.S. § 241.

7. Claimant and Employer also argue that KLM, as the employer of Sobel, is responsible for his representations. However, because the referee has no jurisdiction over KLM, Claimant and Employer's argument that KLM is responsible for Sobel's representations is inconsequential in this proceeding.