General Tire and Rubber Company, Appellant, *v.* Workmen's Compensation Appeal Board and Newell M. Back, Appellees.

474

Argued December 6, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Samuel P. Gerace,* with him *Richard C. Witt* and *Jones, Gregg, Creehan and Gerace,* for appellant.

*John M. Campfield,* with him *A. C. Scales* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, February 26, 1975:

Newell M. Back (claimant) was injured during the course of his employment with General Tire and Rubber Company (General). As a result of this injury which occurred on February 7, 1967, a compensation agreement was entered into and approved by the Bureau of Workmen's Compensation on April 21, 1967. Under the terms of this agreement, the claimant was paid compensation at the rate of $52.50 per week until March 22, 1967, at which time he returned to work. On March 23, 1967, the claimant signed a final receipt.

Following a medical examination, it was determined that claimant's physical condition had changed, and claimant and General executed a supplemental compensation agreement in which it was agreed that claimant became totally disabled on September 5, 1967. The claimant signed a second final receipt on November 7, 1967 and thereafter worked for General until May 22, 1968.

During March 1969 claimant filed a review petition and a modification petition, and on September 30, 1970 he filed a petition to set aside the final receipt which had been signed on November 7, 1967. All of these petitions were considered together at hearings before a referee who made an order on August 14, 1973 which set aside the final receipt of November 7, 1967 and directed General to restore compensation to the claimant for total disability, at the rate of $52.50 per week, from May

22, 1968 to August 14, 1973 and thereafter as long as the disability should remain unchanged.

General appealed to the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision setting aside the final receipt of November 7, 1967 and allowing compensation. General then filed this appeal and we affirm.

Our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Jessop Steel Company v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 186, 309 A. 2d 86 (1973). And where, as here, the Board has taken no additional evidence and the referee has found in favor of the party having the burden of proof, we must rely on the facts as found by the referee if they are supported by sufficient competent evidence. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

The method by which a final receipt may be set aside is set out in Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1001, which, at the time the final receipt herein was signed, read as follows: "A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or a referee designated by the board, may, at any time within two years from the date to which payments have been made, set aside a final receipt, upon petition filed with the board, if it be conclusively proved that all disability due to the accident in fact had not terminated."

Here the referee allowed amendment of the modification petition to a petition to set aside a final receipt. This procedure was approved by the Board and properly so since The Pennsylvania Workmen's Compensation Act[1] is to be liberally construed in favor of an injured employee. *Whitehead v. Casey Building Wreckers, Inc.*, 6 Pa. Commonwealth Ct. 256, 294 A. 2d 215 (1972). *See Kushner v. Strick Trailer Company*, 10 Pa. Commonwealth Ct. 518, 312 A. 2d 471 (1973). In *Wahs v. Wolf*, 157 Pa. Superior Ct. 181, 184, 42 A. 2d 166, 168 (1945), it was stated: "Claimants in compensation cases are not required to observe strict rules of pleading, as it is not the policy of this court to strike down meritorious claims merely because of a failure to file a petition under the proper section of the statute. Szymanski v. Culmerville Coal Co., 141 Pa. Superior Ct. 303, 14 A. 2d 565; Lowdermilk v. Lorah, 124 Pa. Superior Ct. 356, 188 A. 621. If the proof adduced indicates a right to relief in accordance with any of the provisions of the Act, the petition will be considered to have been brought under the appropriate section."

When attempting to set aside a final receipt, the claimant must meet his burden of conclusive proof with clear and convincing evidence. *Pliscott v. Dumble*, 9 Pa. Commonwealth Ct. 292, 305 A. 2d 918 (1973). When the claimant does carry his burden and succeeds in having the final receipt set aside, the effect is to revive the compensation agreement automatically and to restore the parties to the position in which they would have been if the receipt had never been signed.

Our examination of the record convinces us that the referee and the Board did not err in concluding that the claimant had conclusively proved that his disability resulting from the accident had not terminated at the time the final receipt of November 7, 1967 was signed.

---

[1] Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §1 et seq.

We recognize that, under our holding in *Universal Cyclops Steel Corporation v. Krawczynski, supra,* the Board here (since it did not take additional testimony or evidence) was in error in making an additional finding of fact. However, we consider that it was harmless error since the referee's finding of fact that claimant became totally disabled from his accident on May 22, 1968 encompasses a finding that claimant's disability due to the accident had not terminated when the claimant executed the final receipt on November 7, 1967.

The claimant is entitled to the benefit of the most favorable inferences deducible from the evidence, and questions of credibility are for the fact finder, not this court. As we stated in *Hershey Estates v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 470, 472, 308 A. 2d 637, 638 (1973), "[i]t is our duty to examine the record and determine, not whether we would have made the same findings as the authorities, but whether the evidence is such that a reasonable person, acting reasonably, might reach the same conclusion on the facts as did those authorities."

Claimant was employed by General as a truck driver and on February 6, 1967 he drove an electric tow truck filled with garbage to a dumping area located approximately one-quarter mile from General's plant. The truck became stuck on the ice and while he was endeavoring to move it the "tongue of the truck" swung around and struck claimant at his right knee and knocked him onto the ice where he landed on his head and left shoulder. He testified that he immediately thereafter experienced pain in his leg and up into his back and into his head. Although claimant returned to work on two occasions since the accident, his complaints of pain in his neck and back persisted and he has come under the treatment of four medical doctors and has been twice hospitalized.

An orthopedic surgeon, Dr. Selim El-Attrache, was of the opinion that claimant injured his left shoulder, his neck, and back in his fall of February 6, 1967, resulting in a straightening of his cervical lordosis, and has a definite injury with attendant pain a compatible symptom. Dr. El-Attrache stated that claimant was totally disabled until August 25, 1970 and thereafter was able to do light work. General presented no evidence on the availability of light work and therefore did not call forth the application of *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246 A. 2d 668 (1968).

General's case mainly consisted of extensive cross-examination of the claimant and of Dr. El-Attrache, together with depositions of two of the medical doctors who had treated the claimant. If, in fact, any of General's evidence resulted in contrary testimony which could be considered in conflict with the testimony of the claimant and Dr. El-Attrache, it was properly for the referee to pass upon and decide the credibility and weight to be given to the testimony of the witnesses.

With the testimony of Dr. El-Attrache and the claimant of record, the referee concluded that their testimony was credible and thus the award rests on a firm factual basis. We cannot substitute our judgment for that of the fact finder. *Flexer v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 405, 317 A. 2d 53 (1974).

Finally, General asserts that compensation benefits cannot be allowed during the time the claimant received group health benefits for viral bronchitis and intercostal neuritis and that, if compensation benefits are allowed, it is entitled to subrogation. However, General fails to direct us to any authority or advance any reason why it is against public policy or prohibited to permit simultaneous recovery under The Pennsylvania Workmen's Compensation Act and a private health insurance program. *See Whitehead v. Casey Building*

*Wreckers, Inc., supra.* Concerning the matter of subrogation, General relies on Section 319 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §671 (Supp. 1974-1975), which provides, *inter alia*: "Where an employe has received payments for the disability or medical expense *resulting from an injury in the course of his employment* paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board." (Emphasis supplied.) Suffice it to refute General's assertion by the observation that the group health benefits received by claimant were for viral bronchitis and intercostal neuritis which *did not* result from an injury in the course of his employment. Thus, the subrogation provided by Section 319 has no application here. Also, if subrogation rights exist in favor of the insurance company making the payments, it would be the insurance company, not General, who could seek subrogation.

For the above reasons, we must affirm.

### ORDER

AND Now, this 26th day of February, 1975, it is hereby ordered that judgment be entered in favor of Newell M. Back and against General Tire and Rubber Company, self-insured, for compensation for total disability at the rate of $52.50 per week from May 22, 1968 to January 29, 1974 and continuing indefinitely thereafter until Newell M. Back's accidental injuries cease, terminate, or change, within the terms and limits of The Pennsylvania Workmen's Compensation Act, including interest at the rate of 6 percent per annum on all deferred payments of compensation.