**C.P. MARTIN FORD, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (RESAD DZUBUR & NORRISTOWN FORD), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 10, 2000.

Decided Feb. 14, 2001.

Mary T. Uhlig, Philadelphia, for petitioner.

Elizabeth D. McMunigal, Reading, for respondent, Norristown Ford.

Jerome P. Foley, Bechtelsville, for respondent, Resad Dzubur.

Before PELLEGRININI, Judge, FLAHERTY, Judge, and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

C.P. Martin Ford (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the order of a Workers' Compensation Judge (WCJ) granting the Claim Petition filed by Resad Dzubur (Claimant). We vacate and remand.

On October 21, 1993, Claimant began receiving compensation benefits pursuant to a Notice of Compensation Payable for a lumbar strain that occurred while he was working for Norristown Ford (Norristown). In April of 1996, Claimant returned to work with a different employer and, in August of 1996, he started working for Employer. Thereafter, Claimant filed a Claim Petition alleging that, on September 25, 1996, he sustained an injury while working for Employer in the nature of "pain, tingling and numbness in back and radiating down both legs" that occurred when he was inserting an electronic part under a dashboard. Employer filed an Answer denying the allegations set forth in Claimant's Claim Petition. Claimant also concurrently filed a Reinstatement Petition alleging that, on September 25, 1996, he sustained a recurrence of the September 20, 1993 work injury that occurred while he was working for Norristown. Norristown filed an Answer asserting that Claimant's disability is the result of a new injury rather than the recurrence of a previous injury. Because Employer and Norristown agreed that Claimant was injured but disagreed as to how liability should be apportioned, the WCJ issued an order pursuant to Section 410 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 751, instructing Employer and Norristown to each pay fifty percent of Claimant's compensation benefits and medical expenses.

At the hearings before the WCJ, Claimant presented the testimony of Phillip G. Perkins, M.D., who began treating Claimant on August 22, 1995. When asked what effect the work-related accident of September 25, 1996 had on Claimant's September 20, 1993 work injury and what he understood the term aggravation to mean, Dr. Perkins stated:

> If you aggravate a pre-existing condition, you have a pre-existing condition made worse or brought to light by whatever you did.
>
> I actually believe, frankly, that this all stems from his original injury, and I'm told I should use the word, recurrence. I often use the term aggravation of a pre-existing condition without realizing the legal connotations of it.
>
> What I will say is this: that had he done what he did at [Employer] and had he not had his previous problem, I do not believe he would have hurt his back.
>
> So I believe that his original lumbar degenerative disc disease and disc herniation that resulted in the surgery,[1] that it just carried on plaguing him. I don't believe this is a new problem, in other words.

(Dep. of Dr. Perkins, 9/03/97, p. 31). When asked whether the September 25, 1996 accident at work made Claimant's condition worse, Dr. Perkins explained that "worsen, to me, is to, made to feel less well. In other words, he feels more pain as a result of an incident; therefore, he is worse off than he was before. Has it made mechanic instability worse, I doubt it. That process remained there from his original problem and it will continue to crop up every now and again, when he does these things." (Dep. of Dr. Perkins,

---

1. On January 31, 1995, Vernon R. Morris, Jr., M.D. performed surgery to remove a disc from Claimant's spine.

9/03/97, pp. 39–40). The WCJ accepted the testimony of Dr. Perkins as credible.

Employer presented the testimony of Dr. Morris, who treated Claimant from September 22, 1993 until April 18, 1996. Based on his prior treatment of Claimant and his review of Claimant's medical records from Dr. Perkins, Dr. Morris concluded that the work-related incident of September 25, 1996 created an instability in Claimant's lumbar spine that did not exist prior to September of 1996. (Dep. of Dr. Morris, 1/11/98, pp. 16–18). The WCJ rejected the testimony of Dr. Morris to the extent that it differed from the testimony of Dr. Perkins.

Employer also presented the testimony of S. Ross Noble, M.D., who examined Claimant on June 18, 1997. Dr. Noble concluded that the September 25, 1996 work-related incident did not cause a worsening of Claimant's condition. Rather, he believes that Claimant suffers from post laminectomy syndrome as a result of the surgery that was performed to treat the September 20, 1993 injury. (Dep. of Dr. Noble, 10/13/97, pp. 20 21). The WCJ accepted the testimony of Dr. Noble as credible to the extent that it did not differ from the testimony of Dr. Perkins.

By decision and order dated July 23, 1998, the WCJ concluded that Claimant sustained an aggravation of his September 20, 1993 work-related back injury while he was working for Employer on September 25, 1996. (WCJ's Opinion, Conclusion of Law No. 1). Accordingly, the WCJ granted Claimant's Claim Petition against Employer and denied Claimant's Reinstatement Petition against Norristown. Employer appealed to the Board, which affirmed the order of the WCJ and determined that the WCJ's de-

cision was supported by substantial, competent evidence. This appeal followed.[2]

Employer argues that the decision of the WCJ that Claimant sustained a new injury in the form of an aggravation on September 25, 1996 rather than a recurrence of his September 20, 1993 work injury is not supported by substantial evidence.[3]

Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa.Cmwlth.1998). In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder. *Id.* Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party. *Id.* Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ, rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Id.* It is solely for the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. *Id.* As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Id.* It is with these principles in mind that we consider this challenge.

With regard to the issue of an aggravation versus a recurrence of a work-related injury, this court has previously

**2.** This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workers'*

*Compensation Appeal Board (Petrisek )*, 537 Pa. 32, 640 A.2d 1266 (1994).

**3.** Employer raises several other issues on appeal. However, because we remand this case to the WCJ, it would be premature for this court to address these additional issues.

held that, if an incident materially contributes to a work-related injury, a new injury, or aggravation, has occurred. Therefore, the employer at the time of the aggravation would be liable for the payment of a claimant's compensation benefits. *SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls )*, 728 A.2d 385, 388 (Pa.Cmwlth.1999). However, "if a compensable disability results directly from a prior injury but manifests itself on the occasion of an intervening incident which does not contribute materially to the disability, then the claimant has suffered a recurrence" and the employer at the time of the prior injury would be liable for the payment of a claimant's compensation benefits. *Id.* Whether or not the intervening incident materially contributes to a claimant's disability is a question of fact to be determined by the WCJ. *Id.*

Furthermore, Pursuant to Section 419 of the Act,[4] the decision and order of a workers' compensation judge may properly be remanded when the decision is not supported by substantial evidence or where the findings of fact fail to resolve a necessary issue raised by the parties. *See also Shustack v. Workmen's Compensation Appeal Board (B–D Mining Company )*, 141 Pa.Cmwlth. 296, 595 A.2d 719, 723 (1991).

■ After reviewing the decision of the WCJ, we find that the he has concluded that Claimant suffered an aggravation without first making the necessary finding as to whether the work-related incident that occurred on September 25, 1996 materially contributed to Claimant's disability. The WCJ does make credibility determinations and summarize the testimony of the medical witnesses. However, the summarization of the testimony of Dr. Perkins, who the WCJ found credible, does not contain a finding that would indicate whether he believed that the September 25, 1996 incident at work materially contributed to Claimant's disability or a finding that he believes Dr. Perkins' testimony

indicates that Claimant sustained an aggravation. Nonetheless, the WCJ concluded that Claimant sustained an aggravation of his previous injury.

Furthermore, the testimony of the witnesses found to be credible could lead a factfinder to reach different conclusions as to whether the September 25, 1996 incident materially contributed to Claimant's disability. As this determination is a question of fact that is solely within the province of the WCJ, this court cannot decide whether the September 25, 1996 incident materially contributed to Claimant's disability. *SKF.* Accordingly, we remand this case to the Board with the instruction that it be further remanded to the WCJ and instruct him to make a finding of fact as to whether the September 25, 1996 incident materially contributed to Claimant's disability. We further instruct the WCJ that, as per *SKF*, if the incident materially contributed to Claimant's disability, Employer would be liable for the payment of Claimant's compensation benefits. However, if the incident did not materially contribute to Claimant's disability, Norristown would be the liable employer.

Accordingly, the order of the Board is vacated and this case is remanded for the purpose set forth in the foregoing opinion. We further order that the Section 410 order issued by the WCJ is reinstated until such time as it is determined by the WCJ whether Employer or Norristown is liable for the payment of Claimant's compensation benefits.

### ORDER

AND NOW, this 14th day of February, 2001, the order of the Workers' Compensation Appeal Board docketed at A98–3203 and dated October 18, 1999 which affirmed the order of the Workers' Compensation Judge is hereby VACATED and this case is REMANDED to the Board with the

4. 77 P.S. § 852.

direction that it be further remanded to the WCJ for disposition in accordance with the accompanying opinion. The Section 410 order of the WCJ is reinstated until such time as the WCJ determines which employer is liable for the payment of Claimant's compensation benefits and medical expenses.