**OVERHEAD DOOR COMPANY OF LEWISTOWN, INC. and State Workers' Insurance Fund, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GILL and Overhead Door Corporation, CNA Insurance/Transportation Insurance, and Insurance Company of Pennsylvania/AIG Claims Service), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 2003.
Decided March 21, 2003.

---

Mary T. Stark, Philadelphia, for petitioners.

Paul J. Dellasega, Harrisburg, for respondents.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

State Workers' Insurance Fund (SWIF) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the order of a Workers' Compensation Judge (WCJ) granting Douglas Gill (Claimant) benefits pursuant to the provisions of the Workers' Compensation Act (Act)[1] and finding SWIF to be the insurance carrier responsible for payment of said benefits. We affirm.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

On February 16, 1993, Claimant filed a claim petition for compensation under the Act. Claimant alleged that he suffered from carpal tunnel syndrome and that this injury stemmed from his employment at Overhead Door Company (Employer). CNA Insurance Company (CNA) was named in the claim petition as Employer's insurance carrier.

On April 2, 1993, CNA filed a petition for joinder, requesting that SWIF be joined as an additional party. On May 19, 1993, a hearing was held before the WCJ. Claimant testified that his work-related carpal tunnel syndrome began in 1991. In 1992, his symptoms worsened and his doctor restricted his work duties on November 4, 1992. He continued to work for Employer until January 4, 1993, when he was laid off. He alleged that his disability continued from January 5, 1993, onward.

CNA argued that its insurance coverage with Employer ended in September, 1991, and, as Claimant testified that he never lost time from work until January, 1993, he did not lose any wages during CNA's period of coverage. Counsel for SWIF stated that he believed SWIF's coverage ran from February 4, 1990, to February 10, 1994. (R.R. at 66a). Thus, CNA moved to be dismissed from the action and on June 21, 1993, the WCJ granted the dismissal.

Following the May 19, 1993, hearing at which SWIF cross-examined the Claimant and his doctor, SWIF scheduled an independent medical evaluation (IME) of Claimant. The IME was completed, depositions were taken by the parties and stipulations were prepared.

On August 11, 1994, a hearing was held by the WCJ. At that time, Mr. Randall Leopold, President of Overhead Door Company of Lewistown, Inc., testified that his company was separate and distinct from Employer's company and that Claimant was not employed by him. Entered into the record were documents from the Pennsylvania Compensation Rating Bureau which showed that Overhead Door Company of Lewistown, Inc., was insured by SWIF, but Overhead Door Company, the company where Claimant was employed, was insured from 1990 through 1994 by Insurance Company of Pennsylvania (AIG). (R.R. at 88a). It was explained that while Claimant had sued his proper Employer, SWIF was not the insurance carrier of Employer.

On January 17, 1995, Claimant filed a joinder petition seeking to join AIG as a party. On March 15, 1995, the WCJ dismissed SWIF as a party. On April 26, 1995, AIG filed a petion to join SWIF, alleging that SWIF should be estopped from denying coverage in the case.

On October 26, 1995, another hearing was held before the WCJ. The WCJ stated that he was reversing his opinion of January 17, 1995, and that SWIF was being brought back in as a party. AIG was given sixty days to schedule an IME.

AIG never presented any evidence in the case, noting that it was futile for it to submit Claimant to an IME in 1995, as he was not alleging that his injury continued to date.[2]

For unknown reasons, the WCJ did not render a decision until September 20, 2001. At that time, the WCJ dismissed the joinder petition Claimant had filed against AIG, but granted the petition seeking to join SWIF. The WCJ stated that AIG was dismissed from the action as SWIF was the responsible insurance carrier. The WCJ found that SWIF was estopped from denying coverage due to its actions in the case for an extended period of time and the prejudice Claimant would face if forced

---

2. Claimant reported to the WCJ that he had returned to work as of December 7, 1993.

to relitigate. The WCJ further determined that Claimant suffered a work-related injury and SWIF was ordered to pay $204.00 per week for the period of January 5, 1993, through December 7, 1993.

SWIF appealed the decision to the Board. The Board affirmed the decision of the WCJ, agreeing that SWIF was the responsible insurance company in this action.

■ SWIF now raises two issues in its appeal to this Court. Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence. *Tri–Union Express v. Workers' Compensation Appeal Board (Hickle)*, 703 A.2d 558 (Pa.Cmwlth.1997).[3]

SWIF first asks that the transcript of the May 19, 1993, hearing before the WCJ be made a part of the original record on appeal.[4] The hearing transcript is included in the reproduced record, but it is not included in the original record. Claimant has not filed any response to this request by SWIF. Therefore, in accordance with Pa. R.A.P.1951(b), we direct that the original record be corrected to include the transcript of the May 19, 1993, hearing before the WCJ.

The second issue raised by SWIF is whether the WCJ had subject matter jurisdiction over SWIF where SWIF never contracted with either Claimant or Claimant's employer.

■ It is clear under Pennsylvania law that the Act provides the sole means by which an employee can recover from an employer or a named insurance carrier. *Kuney v. PMA Insurance Company*, 525 Pa. 171, 578 A.2d 1285 (1990). Obviously, the WCJ had jurisdiction to hear the general subject matter of this case.

■ As noted by our Pennsylvania Supreme Court, "[j]urisdiction relates solely to the competency of a particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result." *Riedel v. Human Relations Commission of the City of Reading*, 559 Pa. 34, 39–40, 739 A.2d 121, 124 (1999). In *Riedel*, the Pennsylvania Supreme Court also noted with approval our decision in *Beltrami Enterprises, Inc. v. Department of Environmental Resources*, 159 Pa.Cmwlth. 72, 632 A.2d 989 (1993), *petition for allowance of appeal denied*, 538 Pa. 615, 645 A.2d 1318 (1994), where we stated that whether or not a particular agency had the power to afford relief in a particular case was not relevant in determining whether it had general subject matter jurisdiction over the controversy.

■ As noted above, the WCJ in the instant matter obviously had subject matter jurisdiction over the general nature of the claim, i.e., the workers' compensation claim. In *Antimary v. Workermen's Com-*

---

**3.** We also acknowledge our Supreme Court's recent decision in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), wherein the Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the

court." *Leon E. Wintermyer*, 571 Pa. at 203, 812 A.2d at 487.

**4.** Counsel is advised that it is not proper procedure to include a request to correct the record as a statement of question involved on appeal. However, as an objection was not made and in the interests of judicial economy, we will address the issue.

*pensation Appeal Board (U.S. # 1 Auto Sales & KLM Insurance Group )*, 655 A.2d 659, 661 (Pa.Cmwlth.1995), we further determined that a WCJ "does have jurisdiction over the scope of insurance coverage and whether there is liability under an insurance policy." In fact, we noted that "a determination of liability of the insurance carrier was within [the referee's] province." *Id.*, quoting *Travelers Insurance Company v. Workmen's Compensation Appeal Board (Levine)*, 68 Pa. Cmwlth.24, 447 A.2d 1116, 1118 (1982). As such, we hold that the WCJ had subject matter jurisdiction over the insurance coverage claim in this case.

Interrelated to SWIF's subject matter jurisdiction argument is a further argument that the WCJ could not find SWIF liable based on the fact that it did not have a contractual relationship with Claimant or Claimant's Employer. In essence, this is the same argument addressed by the Pennsylvania Supreme Court in *Riedel*, i.e., even if an administrative body has jurisdiction to act, there is a separate question of whether it has the power to effect a certain result.

SWIF cites to numerous cases in its brief in an attempt to claim that the WCJ did not have the power to hold it liable. However, none of the cases cited involve the factual situation as found by the WCJ in this case.

■ The record shows that SWIF entered this case contesting an injury, not responsibility for the claim. At hearing, its attorney stated his belief that SWIF was the responsible insurer. SWIF then sent Claimant for an IME, conducted depositions and appeared at several hearings. It presented its own medical witness and cross-examined Claimant and his witnesses. SWIF continued to litigate this case for eighteen months, all the while holding itself out as the responsible insur-

er, before finding that a mistake was made and presenting evidence that it was not Claimant's insurer.

In the cases of *Tri–Union Express*, 703 A.2d 558, and *American Insurance Company (Fireman's Fund Insurance Co.) v. Workmen's Compensation Appeal Board (Barnhart)*, 146 Pa.Cmwlth.608, 606 A.2d 655 (1992), we affirmed the decisions of the Board that the employers were estopped from denying an employer/employee relationship due to admissions by their agents that the claimants would be covered by workers' compensation insurance. These are the cases most factually similar to the instant case. Here, SWIF's attorney represented that SWIF was the responsible insurer and for eighteen months continued to represent SWIF as the responsible insurer. As such, we do not believe that the WCJ was without the power to hold SWIF liable based on its actions in this case.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 21st day March, 2003, the order of the Workers' Compensation Appeal Board is affirmed. Additionally, the original record is to be corrected to include the transcript of the May 19, 1993, hearing held before the Workers' Compensation Judge.