**POPE & TALBOT, Petitioner**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (PAWLOW-
SKI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 16, 2007.
Decided May 21, 2008.

J. Scott Brady, Wilkes–Barre, for petitioner.

Marta J. Guhl, Philadelphia, for intervenor, Plainwell Tissue Company.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Pope & Talbot (Pope) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) holding it liable for an injury sustained by Bernard Pawlowski (Claimant) while he was working for Plainwell Tissue Company (Plainwell). The Board did not disagree with the finding of the Workers' Compensation Judge (WCJ) that Claimant's current disability was related to the injury sustained while employed by Plainwell; nevertheless, the Board reversed the WCJ's holding that Plainwell was liable. The Board did so on the theory that it had been Pope's duty to join Plainwell to the claim petition, and it did not do so. After appealing to this Court, Pope filed for bankruptcy and moved this Court to stay our disposition of its appeal. In this case, we consider whether an employer defending a claim petition on the ground that the injury occurred while the claimant was employed elsewhere must join that other employer before it can pursue this defense.

Claimant was employed by Pope as a journeyman mechanic in the maintenance department of its paper plant when, on July 17, 1997, he fell and injured his right

elbow (1997 elbow injury).[1] Pope issued a notice of temporary compensation payable, describing Claimant's work-related injury as a "bursitis—right elbow," and Claimant began receiving medical and disability benefits. Reproduced Record at 1a (R.R. ———). Three months later, Claimant returned to work, and his disability benefits were suspended.

In August 1998, Pope sold the paper plant to Plainwell.[2] On July 21, 1999, Claimant, while employed by Plainwell, hit his right elbow against a wall while loosening tight bolts and sustained a second injury to his right elbow (1999 elbow injury). Plainwell assumed liability for the 1999 elbow injury and began paying Claimant disability benefits. Benefits were suspended when Claimant returned to work. The supplemental agreement between Plainwell and Claimant described the 1999 elbow injury as a "recurrence" of his 1997 elbow injury, and it stated that Claimant returned to work full-time on August 9, 1999, the date on which his disability benefits were suspended.

Claimant continued to work for Plainwell until October 1, 1999, when he fell again at the plant, this time fracturing three ribs. Plainwell issued a notice of compensation payable describing the work-related injury as bruised ribs (1999 rib injury). Claimant did not return to work thereafter.[3] On December 21, 2000, Plainwell filed a termination petition, asserting that Claimant had fully recovered from the 1999 rib injury and was capable of returning to work without restrictions as of October 31, 2000. Claimant then filed a claim petition, seeking full disability and medical benefits as of September 7, 2000, when he had surgery performed on his right elbow.[4] The petition alleged that Claimant had "aggravated or otherwise adversely affected the initial [1997 elbow] injury resulting in disability" in 1999, while working for Plainwell. R.R. 17a. Claimant named Pope as the sole defendant, and it denied all allegations in the claim petition. Claimant's claim petition was consolidated with Plainwell's termination petition.

On June 26, 2002, the WCJ issued a decision. He found Claimant had fully recovered from the 1999 rib injury and, therefore, granted Plainwell's termination

1. Claimant began working at the plant in the 1980's when it was owned by Potlatch Corporation.

2. Pope's brief states that Plainwell agreed to assume payment of Pope's open workers' compensation claims but that Pope would again assume responsibility for those claims should Plainwell declare bankruptcy. Plainwell "declared bankruptcy in October of 2000 and was purchased by Cascade Tissue on September 11, 2001." WCJ Decision of June 27, 2002, at 2–3; R.R. 26–27a. The purchase agreement to which Pope refers is not in the record. In any case, Plainwell's bankruptcy is irrelevant to Claimant's ability to collect benefits. The Workers' Compensation Security Fund covers claims for workers' compensation benefits against insolvent insurers. *See* the Workers' Compensation Security Fund

Act, Act of July 1, 1937, P.L. 2532, *as amended*, 77 P.S. §§ 1051–1066. The Self–Insurance Guaranty Fund covers claims against insolvent employers. *See* the Act of June 2, 1915, P.L. 736, added by Act of July 2, 1993, P.L. 190, *as amended*, 77 P.S. §§ 1037.1–1037.9, commonly known as the Self–Insurance Guaranty Fund Act.

3. Following treatment for his ribs, Claimant underwent thoracic surgery for a pulmonary nodule. Claimant also suffered from irritable bowel syndrome, chronic panic disorder, recurrent vertigo, and recurrent skin lesions across his chest. Claimant also underwent cardiac catheterization, and he continues to complain of chest pain and shortness of breath.

4. This surgery was paid for by Plainwell.

petition.[5] The WCJ also found Claimant still disabled by his 1997 and 1999 elbow injuries. Although the WCJ directed Pope to pay temporary total disability benefits to Claimant, he did not state whether the 1999 elbow injury was a recurrence or aggravation. Both Pope and Plainwell appealed to the Board.

Before the Board, Pope argued that the evidence proved that Claimant's right elbow problems were attributable to the 1999 elbow injury he suffered while employed by Plainwell. In response, Plainwell argued that the evidence showed that Claimant's problems related to the 1997 elbow injury, not the 1999 elbow injury. Plainwell also argued that, in any case, it could not be held liable because Claimant had not named it a defendant in his claim petition.

The Board remanded the matter to the WCJ with directions to decide whether Claimant's right elbow problem was a recurrence, attributable to Pope, or an aggravation, attributable to Plainwell.[6] The Board rejected Plainwell's contention that it could not be held liable for Claimant's elbow problem because it had not been named a defendant in the claim petition. The Board observed that Plainwell had not been misled by the form of Claimant's petition; had notice that Claimant sought relief for the 1999 elbow injury; and had a full opportunity to defend and did defend by participating in every deposition and hearing and contesting its liability for Claimant's elbow injury. *See* Board Opinion, dated July 15, 2004, at 8 n. 6; R.R. 58a.

On remand, a new WCJ, Patrick J. Cummings, issued a decision holding Plainwell liable for Claimant's disability benefits.[7] Based on the credited medical evidence presented by Pope, the WCJ found that Claimant's 1999 elbow injury was a "new injury" sustained while in the scope of his employment with Plainwell. Plainwell appealed to the Board.

On appeal, the Board reversed its remand decision, this time holding that because Plainwell was not named a defendant to the claim petition, it could not be held liable.[8] As a result, the Board did not address the other issues raised by Plainwell, namely its challenge to the WCJ's finding that Claimant had suffered a new injury in 1999. The Board imposed liability upon Pope even though the WCJ found the injury to have occurred while Claimant was employed by Plainwell, not Pope. The Board held that it had been Pope's responsibility to join Plainwell as a defendant to the claim petition. Pope petitioned for this Court's review.

■ Before this Court, Pope contends that the Board erred.[9] Pope argues that it

---

5. Claimant did not appeal the WCJ's grant of Plainwell's termination petition.

6. The Board's remand order stated as follows: [W]e are unable to review the merits of Defendant Pope's appeal as the [WCJ] never made a specific determination with regard to the nature of Claimant's July 1997 or July 1999 elbow injuries failing to characterize any of Claimant's injuries as either an aggravation or a recurrence.
 Board Opinion, dated July 15, 2004, at 7; R.R. 57a.

7. WCJ William J. Hall issued the 2002 decision.

8. The Board cited *Carolina Freight Carriers Corp. v. Workmen's Compensation Appeal Board (Armitage)*, 137 Pa.Cmwlth.85, 585 A.2d 555 (1990), for the proposition that it was not bound by its statement in its previous opinion. In *Carolina*, this Court held that the "law of the case" doctrine does not apply to an appeal from an order of a WCJ on remand from the Board. The doctrine applies only to appellate courts.

9. This Court's review of an adjudication of the Board is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights

was not obligated to join Plainwell as a defendant to the claim petition and that because Claimant's elbow problem has been found to be a new injury attributable to Plainwell, it cannot be held liable. After briefs were filed in this appeal, Pope also filed for bankruptcy protection and moved this Court to stay this matter.[10]

■ We consider, first, Pope's motion for stay. The administration of workers' compensation claims by the Commonwealth of Pennsylvania is a valid exercise of its police power and, thus, exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).[11] See ANR Freight System v. Workers' Compensation Appeal Board (Bursick), 728 A.2d 1015, 1020 n. 7 (Pa. Cmwlth.1999) (noting that "the administration of worker's compensation claims by the State . . . is a valid exercise of a governmental unit's regulatory power, and is exempt from the automatic stay").[12] Additionally, the outcome of Pope's Chapter 11 bankruptcy filing is irrelevant to Claimant's ability to collect benefits. The claims

of injured workers are guaranteed by statutory funds. These funds assume the obligation to make workers' compensation payments to claimants where either their employer or their employer's insurer becomes insolvent.[13] Pope's motion for stay must be denied.

Turning to the substance of this appeal, we consider Pope's contention that it cannot be liable because it prevailed in its defense. It proved that the 1999 elbow injury was not a recurrence and that Claimant, not Pope, was obligated to name Plainwell as a defendant to the claim petition. For its part, Plainwell asserts that the Board was correct in holding that it could not be held liable for Claimant's injuries because it was not a defendant named in the claim petition. It also argues that the evidence does not support the WCJ's finding that Claimant's 1999 elbow injury was a new, not a recurrent, injury.

■ We begin with a review of the Board's rationale for holding Pope liable

were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Compensation Appeal Board (Selva)*, 894 A.2d 861, 863 n. 3 (Pa.Cmwlth.2006).

**10.** In its motion for stay, Pope states that it filed for bankruptcy on November 19, 2007, in the United States Bankruptcy Court for the District of Delaware under Chapter 11 of the Federal Bankruptcy Code. Pope requests this Court to enter a stay under authority, presumably, of the automatic stay provided in Section 362(a)(1) of the Federal Bankruptcy Code, 11 U.S.C. § 362(a)(1).

**11.** The "police or regulatory power" exception provides that the automatic stay does not apply to:

... the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the

governmental unit to enforce such governmental unit's or organization's police or regulatory power ...
11 U.S.C. § 362(b)(4).

**12.** In *ANR Freight*, a claimant initiated litigation to have the employer's endorsement removed from his disability checks. The endorsement appeared to limit the claimant's ability to cash the checks if he became self-employed. This Court concluded that the endorsement was a bad faith violation of the Workers' Compensation Act. *ANR Freight*, 728 A.2d at 1020. On the day the opinion was to be filed, the Court received correspondence from employer's counsel that the employer had filed for bankruptcy under Chapter 11. This Court noted that, although actions to enforce money judgments are precluded by the Bankruptcy Code's automatic stay, the "police and regulatory power" exception to the automatic stay allowed this Court to adjudicate workers' compensation claims. *Id.* n. 7.

**13.** *See* n. 2, *supra*.

for Claimant's ongoing disability even though the disability related to the injury Claimant sustained while working for Plainwell. The Board explained itself as follows:

> Because the [c]laim [p]etition was filed only against Pope, and *Pope litigated this matter over a substantial period of time,* but never filed a joinder petition asserting Plainwell's liability, even after Claimant testified that he sustained an elbow injury in 1999 while Plainwell was on the risk, it is now estopped from denying its own liability.

Board Opinion, dated May 29, 2007, at 5; R.R. 74a (emphasis added). The Board found authority for its application of estoppel in this Court's holding in *Overhead Door Co. of Lewistown, Inc. v. Workers' Compensation Appeal Board (Gill),* 819 A.2d 635 (Pa.Cmwlth.2003). The Board explained that it understood *Overhead Door* to mean that:

> *Where a defendant has failed to take reasonable steps to contest its liability for a claim, estoppel may apply to prevent it from denying liability,* where relitigation of the matter would be required to resolve the issue.

Board Opinion, dated May 29, 2007, at 3; R.R. 72a (emphasis added).

In *Overhead Door,* the Board found that the defendant, the State Workers' Insurance Fund (SWIF), did not take "reasonable steps to contest its liability." Over the course of 18 months, SWIF stated on several occasions that it was the insurer responsible for coverage at the point in time that claimant was injured while it pursued its defense that the claimant did not have a compensable injury.[14] SWIF then did an about face and asserted that another insurer was responsible for coverage at that time. Noting that employers will be "estopped from denying an employer/employee relationship due to admissions by their agents," this Court held that the WCJ had the authority to hold SWIF liable based on its actions. *Overhead Door,* 819 A.2d at 639. To hold otherwise would have required the claimant to start its case over from the beginning.

*Overhead Door* is inapposite to this case. Pope never made any admissions that it was liable for Claimant's 1999 elbow injury. To the contrary, Pope vigorously contested its responsibility for that injury, asserting that Claimant's ongoing problems resulted from his 1999 elbow injury sustained while employed by Plainwell.[15] Indeed, the Board's conclusion that Pope "failed ... to contest its liability" is belied by the Board's own acknowledgement that Pope contested liability "over a substantial period of time." Board Opinion, dated May 29, 2007, at 5; R.R. 74a.

In addition, the Board has no basis for holding that it was Pope's obligation to join Plainwell. It is the claimant who bears the burden of proving all the elements required for an award of workers' compensation benefits. *Inglis House v. Workmen's Compensation Appeal Board (Reedy),* 535 Pa. 135, 634 A.2d 592 (1993). Claimant asserted that he suffered an ongoing disability that arose from the

---

14. *Overhead Door* was a case about which insurer, not which employer, was liable for the claimant's benefits. Employees have no reason to know which insurance company insures its employer from year to year and will be prejudiced when an insurer admits to being the liable insurer, as did SWIF in *Overhead Door.*

15. Estoppel was invoked in *Overhead Door* because of confusion created by SWIF. Here, there was no confusion about Pope's position. Confusion was created by the WCJ's consolidation and the Board's shifting position on whether Plainwell was a party to the claim petition.

1997 elbow injury incurred while working for Pope and from the 1999 elbow injury incurred while working for Plainwell. Given these allegations, Claimant should have commenced litigation against both Pope and Plainwell by filing either a reinstatement or review petition.[16]

It is true that Pope could have joined Plainwell. The regulation governing joinder in workers' compensation cases states, in relevant part, as follows:

> (a) A party desiring to join another defendant to *assert a claim relevant to the pending petition may do so* as a matter of right by filing a petition for joinder.
>
> * * *
>
> (i) After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant. The additional defendant is liable to any other party as the judge orders. The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.

34 Pa.Code § 131.36 (emphasis added). Joinder is permissive and not mandatory. Pope had no obligation to join Plainwell in order to contest its own liability.[17]

Indeed, precedent supports the proposition that an employer can pursue the defense that the injuries of a claimant are the liability of another employer without having to join that second employer. *McNulty v. Workers' Compensation Appeal Board (McNulty Tool & Die)*, 804 A.2d 1260 (Pa.Cmwlth.2002), is illustrative of this point. In *McNulty*, the claimant worked for several employers.[18] His first employer accepted the claimant's shoulder dislocation as a work-related injury and suspended benefits when the claimant returned to work. Thereafter, the claimant suffered several more shoulder dislocations while working for a series of different employers. The claimant filed a reinstatement petition against his first employer, and, as here, the named defendant employer did not join the other employers to the proceeding. The WCJ held that the employee established a recurrence of the original injury, but the Board reversed. This Court reversed the Board, explaining that "the burden is on the employer, in the nature of an affirmative defense, to demonstrate that the disability is, in fact, attributable to ... a different employer." *Id.* at 1264. We did not say that in order to pursue this affirmative defense, the employer had to join the successive employers; rather, we held that the employer did

---

**16.** Because Claimant's elbow injuries were injuries previously accepted both by Pope and Plainwell, the claim petition was not the appropriate petition to file. Where an employer has accepted an injury, a claim petition is redundant.

**17.** Pope did file a review petition against Plainwell and tried to have it consolidated with the instant proceeding, but the WCJ declined the consolidation request. Pope's review petition reads like a joinder petition. The outcome of the review petition is unknown because it is not of record in this case.

**18.** Where a claimant has worked for different employers at the time of two different work-related events, "we ... must attribute causation of the current disability to one event or

the other." *SKF USA, Inc. v. Workers' Compensation Appeal Board, (Smalls)*, 728 A.2d 385, 387 (Pa.Cmwlth.1999). Where a claimant has sustained a "recurrence of a prior injury," the employer at the time of the original injury will be held liable for all disability benefits resulting from the claimant's most recent injury. *South Abington Township v. Workers' Compensation Appeal Board (Becker and ITT Specialty Risk Services)*, 831 A.2d 175, 181 (Pa.Cmwlth.2003) (citations omitted). By contrast, an "aggravation of a pre-existing condition" is considered a new injury, which makes the subsequent employer responsible for workers' compensation benefits. *Id.*

not carry its evidentiary burden.[19] Unlike the employer in *McNulty*, Pope met its burden.

 Whether a disability is an aggravation or a recurrence depends upon the factual determination by the WCJ as to whether or not the later incident materially contributed to the condition causing the disability at issue. If so, it is an aggravation; if not, it is a recurrence. *SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385, 387–388 (Pa.Cmwlth.1999). The WCJ has exclusive province over questions of credibility and evidentiary weight and is free to accept or reject, in whole or in part, the testimony of any witnesses, including medical witnesses. *Jordan v. Workers' Compensation Appeal Board (Philadelphia Newspapers, Inc.)*, 921 A.2d 27, 37 (Pa. Cmwlth.2007). This Court will not disturb the finding of a WCJ when it is supported by substantial evidence. *Id.* at 37.

Here, the WCJ credited the testimony of Michael D. Wolk, M.D., who is board-certified in physical medicine and rehabilitation. Dr. Wolk diagnosed Claimant's 1999 elbow injury as one discrete and separate from the 1997 elbow injury, *i.e.*, a new injury. In addition, Wolk testified that Claimant had not recovered from the 1999 elbow injury and could not perform work that would require repetitive use of his right arm on the basis of Wolk's opinion, which, the WCJ noted, was corroborated by the other evidence in the record. The WCJ found Plainwell, not Pope, liable

for Claimant's workers' compensation benefits for his right elbow injury.

The finding that Claimant's injury was a new injury forecloses the imposition of liability on Pope. *See South Abington Township v. Workers' Compensation Appeal Board (Becker and ITT Specialty Risk Services)*, 831 A.2d 175, 181 (Pa.Cmwlth. 2003) (the current employer, rather than the previous employer, is liable for workers' compensation benefits arising from an aggravation or new injury). The fact that Pope did not join Plainwell as a defendant is of no moment. It was not required to join Plainwell in order to pursue its defense by the Workers' Compensation Act,[20] by the rules of procedure or by this Court's precedent.

We next address Plainwell's argument that the WCJ was precluded from finding it liable because Claimant did not name it a defendant in his claim petition. Plainwell also argues that the evidence does not support the WCJ's finding that Claimant suffered a new injury on July 21, 1999; rather, Plainwell contends that the evidence shows that Claimant suffered a recurrence in 1999.

 Section 301(a) of the Act, states, in relevant part, as follows:

Every employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment ...

77 P.S. § 431. In this case, Claimant's 1999 elbow injury occurred while he was an employee of Plainwell. Although the

**19.** Out of whole cloth, the Board seems to have established a rule that for an employer to pursue the affirmative defense that the alleged injury is not a recurrence, it must join all other potentially liable employers. In many cases, the defendant employer may not know the identity of those other employers. The Board invoked equitable principles to impose liability upon Pope, but the Board would

have equity discard the law based on its sense of fairness. The Board's sense of fairness is not factually based. Pope did nothing to induce Claimant into believing Plainwell was a party; it was the Board that made this declaration.

**20.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708(Act).

supplemental agreement stated that Claimant suffered a "recurrence" of his 1997 elbow injury and identified the injury date as July 17, 1997, Plainwell accepted liability and paid Claimant medical and disability benefits for the 1999 elbow injury.[21] Claimant's petition raised facts that he suffered an ongoing disability that arose from the 1997 elbow injury and from the 1999 elbow injury, while working for Plainwell. Although the claim petition did not name Plainwell as a defendant, Plainwell knew that it was at risk of being found liable for Claimant's workers' compensation claim once the consolidation was ordered.[22]

 Plainwell was a party to the consolidated proceeding, and it participated in all aspects of the consolidated proceeding. It attended the hearing and every deposition relating to the claim petition. It cross-examined both Pope's and Claimant's medical witnesses who testified about Claimant's 1997 and 1999 elbow injuries. It cross-examined Claimant. Plainwell argues that it did not present its own medical evidence to support its position that Claimant suffered a recurrence in 1999 because it believed it was precluded from doing so by WCJ Hall, the WCJ that conducted the first hearing. Nothing in the record supports Plainwell's claim. It was incumbent upon Plainwell to note on the record the reasons for its belief that it was prevented from presenting evidence, but it did not. Plainwell did attempt to present medical evidence at the remand

hearing before the WCJ, but it was denied by the WCJ as outside the scope of the Board's remand order. When Plainwell appealed the WCJ's remand decision to the Board, it did not challenge the WCJ's ruling to deny its request to introduce its own medical evidence. To the extent Plainwell asserts it has been prejudiced, it failed to preserve the issue either in the hearing before the WCJ or in the appeal to the Board.

Plainwell acknowledged liability for the 1999 elbow injury by paying medical and disability benefits thereupon. It paid for Claimant's September 7, 2000, right elbow surgery. WCJ Decision, June 26, 2002, at 6. Plainwell was a party to the consolidated proceeding and as such was not beyond the reach of an order issued by the WCJ that was supported by the evidence. Under those circumstances, the Board erred in holding that Plainwell could not be held liable for Claimant's persistent and disabling elbow problems.

Before the Board, Plainwell asserted that the WCJ's finding that Claimant suffered an aggravation or new injury on July 21, 1999, is not supported by substantial evidence. Plainwell does not assert that Dr. Wolk, who was credited by both WCJ Hall and WCJ Cummings, was equivocal or not competent. Instead, Plainwell attempts to make its case by arguing that WCJ Cummings' decision was inconsistent with that of WCJ Hall. The Board ordered

---

21. Because Pope was not a party to this agreement, it cannot be bound to this description of the 1999 elbow injury.

22. As noted in footnote 16, *supra*, a claim petition was not the correct petition because Claimant's elbow injury had been accepted by Pope and Plainwell. Claimants in workers' compensation cases are not required to observe strict rules of pleading, "as it is not the policy of this court to strike down meritorious claims merely because of a failure to file a

petition under the proper section of the statute...." *General Tire & Rubber Co. v. Workmen's Compensation Appeal Board*, 16 Pa. Cmwlth. 473, 332 A.2d 867, 869–870 (1975) (internal quotations omitted). Instead, if the "proof adduced indicates a right to relief in accordance with any of the provisions of the Act, the petition will be considered to have been brought under the appropriate section." *Id.*

a remand of WCJ Hall's decision, and what Plainwell calls an "inconsistency" is no more than a clarification by WCJ Cummings of WCJ Hall's decision, consistent with the Board's remand. In short, Plainwell does not present a cognizable substantial evidence argument. Although the Board never decided Plainwell's substantial evidence claim, it plainly lacks merit and, thus, need not be remanded to the Board for consideration.

For these reasons, the Board's order holding Pope liable for Claimant's workers' compensation benefits is reversed, and the decision of the WCJ to hold Plainwell liable is hereby reinstated.

### ORDER

AND NOW, this 21st day of May, 2008, the order of the Workers' Compensation Appeal Board dated May 29, 2007, in the above captioned matter is hereby REVERSED. It is further ORDERED that the Motion for Stay filed by Pope & Talbot, Inc. is hereby DENIED.

### CONCURRING OPINION BY Judge SMITH–RIBNER.

I concur in the majority's decision to reverse the order of the Workers' Compensation Appeal Board (Board) holding Pope & Talbot (Pope) liable for the payment of workers' compensation benefits to Bernard Pawlowski (Claimant) and instead to reinstate the WCJ's remand decision finding Plainwell Tissue Company (Plainwell) liable for Claimant's 1999 elbow injury. I agree that Plainwell was not prejudiced in this matter despite Pope's failure to join Plainwell in Claimant's claim petition proceeding because Plainwell had the opportunity to present its medical evidence on the issue of whether Claimant's 1999

elbow injury was a recurrence or an aggravation of his 1997 elbow injury at the hearings held by the WCJ on the parties' consolidated petitions. I also agree with the majority that Pope established Plainwell's liability for Claimant's injury.

Although I concur in the decision to impose liability upon Plainwell rather than Pope, I disagree with the broad general proposition expressed by the majority that "an employer can pursue the defense that the injuries of a claimant are the liability of another employer without having to join that second employer." Majority Op. at 368. The Court's holding in *McNulty v. Workers' Compensation Appeal Board (McNulty Tool & Die)*, 804 A.2d 1260 (Pa. Cmwlth.2002), does not stand for the proposition that in all cases the employer can establish an affirmative defense without joining another employer. The *McNulty* Court held that "[e]ven where a reinstatement petition has been filed following a suspension, the burden is on the employer, in the nature of an affirmative defense, to demonstrate that the disability is, in fact, attributable to a new injury for which a different employer might be liable." *Id.* at 1264.

Therefore, I believe that the majority's reasons for imposing liability upon Plainwell even though it was not joined by Pope should be limited to the unique facts presented here rather then extended to cover any and all cases where an employer asserts as an affirmative defense that a nonjoined employer is the one responsible for paying benefits. *See* 34 Pa.Code § 131.36 (petition for joinder). I also disagree with the assertion that "Claimant should have commenced litigation against both Pope and Plainwell by filing either a reinstatement or review petition." Majority Op. at 368. Neither the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708,

nor the Board's regulations require a claimant to name more than one employer in a petition. *See Neidlinger v. Workers' Compensation Appeal Board (Quaker Alloy/CMI Int'l)*, 798 A.2d 334 (Pa.Cmwlth. 2002) (holding that the named employer is the only one potentially liable for disability before a petition to join another party is filed).